**GRIFFIN et al. v. McCOY et al.\* (No. 9887.)**

(Court of Civil Appeals of Texas. Fort Worth. March 11, 1922. Rehearing Denied April 22, 1922.)

**Limitation of actions  118(2)—When original petition in time, plaintiffs not barred.**

Under Rev. St. art. 2026, where a bill of review filed within two years after the judgment attacked was not, as erroneously held by the trial judge, unverified, none of the plaintiffs were barred by limitations.

Appeal from District Court, Young County; J. W. Akin, Special Judge.

Suit by J. N. McCoy and others against W. W. Griffin and others. From a judgment for certain of the plaintiffs, defendants appeal. Reversed and rendered in part, and affirmed in part.

Marshall & King, of Graham, for appellants.

Johnson & Johnson, of Graham, for appellees.

DUNKLIN, J. Mary E. McCoy, deceased, formerly Mary E. Caddel, inherited from her grandfather, Andrew Caddel, the patentee, an undivided $1/24$ interest in a tract of land consisting of 177 acres situated in Young county. The interest of Mary E. McCoy likewise passed by inheritance to her surviving children, Minnie Clark, J. H. McCoy, Lola Belle McCoy, J. N. McCoy, Orien Alvie McCoy, and Pawnee Clark. Pawnee Clark, the last named daughter, died, leaving Noel Clark as her only surviving child, and who inherited her interest in the land.

This suit was instituted by J. N. McCoy and the other surviving children and grandchild of Mary E. McCoy, already mentioned, against W. W. Griffin and others in the form of trespass to try title to recover the undivided $1/24$ interest in the land which was owned by Mary E. McCoy at the time of her death, and also to remove as clouds from that title several deeds of conveyance, also certain oil and gas leases and assignments thereof, under which the different defendants claimed interests and rights in the land.

By another count in the petition plaintiffs sought to vacate and annul a certain judgment recovered by the defendants W. W. Griffin and J. T. Townsend against the plaintiffs in this suit, in another suit filed against them on June 15, 1918, in which defendants were cited by publication only, and were represented in court solely by an attorney ap-

pointed by the court for that purpose; this suit being filed less than two years after the rendition of the judgment in that suit.

Prior to the trial of the present suit plaintiff Lola Belle McCoy died without issue, and it was agreed upon the trial that her coplaintiffs inherited all of her interest in the land.

The case was tried before the court without a jury, and the trial judge filed findings of fact and conclusions of law. In addition to the facts already recited, it appears from those findings that the judgment which plaintiffs in the present suit sought to set aside was recovered September 12, 1918, as alleged in plaintiffs' petition; that citation in that suit as against all the defendants was by publication only; that the defendants in that suit were represented solely and made appearance only by an attorney appointed by the court; and that the present suit was instituted on May 20, 1920, which was less than two years after the date of the judgment in the former suit. The trial judge further found that the original petition in the present suit "was insufficient as a bill of review in several particulars, and especially for the reason that the same was not sworn to. Thereafter, to wit, on the 16th day of September, A. D. 1920, this petition was amended and also sworn to as a bill of review, under article 2026 of the Revised Statutes, but this was more than two years after the rendition of the judgment in the case of W. W. Griffin et al. v. Andrew Caddel et al." By reason of the finding so quoted, two of the plaintiffs, J. H. McCoy and Minnie Clark, were denied a recovery of the interest which they had inherited from their mother, Mary E. McCoy, but judgment was rendered in favor of the brothers and sisters of those plaintiffs for the interests they had inherited from their mother; the conclusion reached by the trial judge being that the period of limitation prescribed by the statute (article 2026) of a suit for a new trial by a defendant who has been cited by publication did not begin to run against those plaintiffs within the two years next preceding the filing of the amended petition, on account of certain disabilities, such as minority and service in the army, under which those plaintiffs labored. Those plaintiffs were awarded a recovery in the present suit of the interests they had inherited from their mother, and they and all of the remaining plaintiffs, except Lola Belle McCoy, were decreed a recovery jointly of the interest which Lola Belle McCoy had inherited from her mother Mary E. McCoy, that recovery being predicated upon a further finding that Lola Belle McCoy was non compos mentis, and by reason thereof the limitation period prescribed by the statute just referred to did not operate against her nor those claiming under her, on account of her insanity. From that judgment the defendants have appealed.

The only contention made by appellants here is that the trial court erred in holding that the plaintiffs J. N. McCoy, Orien Alvie McCoy, and Noel Clark had two years after the removal of their respective disabilities within which to file the bill of review to set aside the former judgment rendered against them, and also in holding that the limitation so prescribed by the statute did not preclude a recovery of the interest inherited by Lola Belle McCoy from her mother. As noted already, the trial judge found that this suit was instituted well within the two-year period following the date of the judgment in the former suit, but that the petition was insufficient to avoid the two-year limitation period fixed by the statute for the institution of such a suit, because of the fact that the original petition so filed was not verified as required by the statute, and that this defect was not remedied by the verification of plaintiffs' amended petition, which was filed a few days after the expiration of the two-year period.

By agreement of all parties a supplemental transcript has been brought up from the trial court and filed here. That supplemental transcript shows a certified copy of the original petition which was filed in the trial court, and also shows that that petition was duly verified as required by the statute. Unquestionably that verification was overlooked by the trial judge, and, since the original petition was properly verified, clearly none of the plaintiffs were barred by limitation from suing to set aside the former judgment. And this is true independent of the further question whether or not those plaintiffs who were under disabilities had two years within which to file the suit, after removal of their disabilities.

In briefs for appellees filed here, appellees J. H. McCoy and Minnie Clark, who were denied a recovery in the trial court of the interest inherited by them from their mother, Mary E McCoy, have asked that such judgment as to them be reversed, and that this court render judgment in their favor for that interest.

Accordingly, since none of the plaintiffs were barred by limitation to sue for an annulment of the former judgment, the judgment of the trial court from which this appeal is prosecuted, denying J. H. McCoy and Minnie Clark a recovery of the interest they inherited from their mother, Mary E. McCoy, is reversed, and judgment is here rendered in favor of those appellees against all of the appellants for that interest, subject, however, to the recovery awarded the defendants in the present suit by the trial court for improvements placed on the land by them. In all other respects the judgment of the trial court is affirmed.

Reversed and rendered in part, and affirmed in part.